CANADY, J.,
dissenting.
In this case, the Supreme Court held “that an individual with an IQ test score ‘between 70 and 75 or lower’ ,.. may show intellectual disability by presenting additional evidence regarding difficulties in adaptive functioning.” Hall v. Florida, — U.S. —, 134 S.Ct. 1986, 2000, 188 L.Ed.2d 1007 (2014) (quoting Atkins v. Virginia, 536 U.S. 304, 309 n. 5, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)). The Court recognized that “Freddie Lee Hall may or may not be intellectually disabled,” and instructed “that he have the opportunity to present evidence of his intellectual disability, including deficits in adaptive functioning over his lifetime.” Hall, 134 S.Ct. at 2001. As instructed by the Supreme Court, I would reverse the circuit court’s order denying Hall’s motion for postcon-viction relief and remand for a new eviden-tiary hearing in which Hall and the State would have an opportunity to litigate this intellectual disability claim under the standard that has now been articulated by the Supreme Court. I therefore dissent from the majority’s decision to foreclose further evidentiary proceedings and to impose a sentence of life.
The majority asserts that Hall has presented sufficient evidence to establish that he meets the statutory definition of intellectual disability. Majority op. at 635. The majority relies on the fact that the circuit court' permitted Hall to proffer evidence related to' all three statutory prongs of intellectual disability at the evidentiary hearing, majority op. at 635, and the circuit court’s order denying postconviction relief and the transcript from the eviden-tiary hearing reflect that Hall proffered the testimony of Lugene Ellis, James Hall, and much of the testimony of Dr. PrichÁ ard—including Dr. Prichard’s report in which he assessed Hall for intellectual disability. But “[p]roffered evidence is merely a representation of what evidence the defendant proposes to present and is, not actual evidence.” Grim v. State, 841 So.2d 455, 462 (Fla.2003); LaMarca v. State, 785 So.2d 1209, 1216 (Fla.2001) (same); see also Blackwood v. State, 777 So.2d 399, 410 (Fla.2000) (“In order to preserve a claim based on the court’s refusal to admit evidence, the party seeking to admit the evidence must proffer the contents of the excluded evidence, to the trial court.”). The proffered evidence was not subjected to adversarial testing, and its credibility was not evaluated by the trier of fact. The majority thus errs by relying on proffered evidence to support its conclusion that Hall has presented sufficient evidence *639 to establish that he is intellectually disabled. It is a cardinal error for an appellate court to step outside its proper role and make findings of fact based on a proffer.
The majority asserts that the State is not entitled to a new evidentiary hearing because it was afforded the opportunity of a full adversarial proceeding where it failed to rebut or refute the proffered testimony of Hall’s experts. Majority op. at 637-38. But the State, of course, had no obligation to rebut or refute the proffered evidence. And it is doubly inappropriate to now fault the State for failing to rebut evidence when that evidence only requires rebuttal because the law has subsequently changed. At the time of the 2009 eviden-tiary hearing Hall failed to provide evidence of an IQ score of 70 or below.' Hall v. State, 109 So.3d 704, 707-10 (Fla.2012) (affirming the denial of Hall’s postconviction motion in relevant part because Hall failed to present evidence of an IQ score of 70 or below), rev’d and remanded, — U.S. —, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014). And under clearly established Florida law at that time, the State did not need to rebut or refute the testimony of Hall’s experts because Hall’s claim was precluded by his failure to provide evidence of an IQ score of 70 or below. See, e.g., Cherry v. State, 959 So.2d 702, 712-13 (Fla.2007) (holding that a person whose test score is above 70, including a score within the margin for measurement error, does not have an intellectual disability and is barred from presenting other evidence that would show his faculties are limited), cert. denied, 552 U.S. 993, 128 S.Ct. 490, 169 L.Ed.2d 344 (2007), abrogated by Hall v. Florida, — U.S. —, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014). This Court should not penalize the State for failing in 2009 to anticipate the ruling the Supreme Court would hand down in 2014.
POLSTON, J., concurs.